IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:16-CR-113 |
| vs. | |
| LEROY SHUMAKER | MEMORANDUM AND ORDER |
| Defendant. | |

This matter comes before the Court on Defendant's Motion for Compassionate Release Under 18 U.S.C. 3582(c)(1)(A) (Filing 95). Defendant first submitted a request for compassionate release due to the COVID-19 pandemic in conjunction with his high blood pressure, high cholesterol, and border-line diabetes on or about June 8, 2020. Filing 86. The Court denied the request after finding that Defendant had not shown "extraordinary and compelling reasons" for a sentence reduction. Filing 87. Defendant appealed the Court's denial, and the United States Court of Appeals for the Eighth Circuit affirmed the Court's decision. *See* Filing 93. On October 8, 2020, Defendant filed another motion seeking compassionate release supported by medical records. *See* Filing 95 at 10, 20-26.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term
of probation or supervised release with or without conditions that does not exceed

> the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Following a trial by jury, Defendant was sentenced on September 13, 2016, to a term of 121 months' incarceration followed by three years of supervised release for possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). Filing 61 at 1-3. He again seeks release from custody due to the coronavirus pandemic in conjunction with his age, high blood pressure, obesity, and prediabetes.[1] Filing 38 at 2.

Accepting all the Defendant's factual allegations as true, the Court again concludes that he has not shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody. A reduction of his sentence to time served would also be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a), including the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." The Court concludes granting the motion would be contrary to the factors outlined in 18 U.S.C. § 3553(a).

IT IS ORDERED:

---

[1] The Court notes that Defendant raised these same issues and concerns in his prior motion. *See* Filing 86.

1. Defendant's Motion for Compassionate Release (Filing 95) is denied; and

2. The Clerk of Court shall mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 16th day of October 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge